**DOUGLAS et al. v. SMITH et al. (No. 2847.)**

Court of Civil Appeals of Texas. Amarillo. June 22, 1927.

Rehearing Denied Aug. 31, 1927.

1. **Husband and wife** &key;257—**Judgment** &key; 883(13)—**Judgment for wife on note and foreclosing vendor's lien held not community property, subject to offset of husband's debts to judgment debtors.**

In wife's action of trespass to try title, in which she asked in alternative to recover on note and for foreclosure of vendor's lien, decree reciting that her husband was joined pro forma, and should take nothing as against defendants, jury's finding to effect that land in controversy was her separate property, and giving her judgment for debt and foreclosure of lien, was not subject to offset of husband's debt to judgment debtors.

2. **Husband and wife** &key;257—**Consideration for separate property continues to be separate property.**

Consideration received for separate property by either husband or wife continues to be separate property.

3. **Judgment** &key;253(2)—**Making judgment on note bearing interest at 6 per cent. bear 10 per cent. interest held error.**

In action of trespass to try title, in which plaintiff asked in alternative to recover on note alleged to bear 6 per cent. interest and to have vendor's lien securing it enforced, allowing 10 per cent. interest on judgment was error.

4. **Costs** &key;238(2)—**Appellant, not calling error in allowing excessive interest on judgment to court's attention, should pay costs of appeal.**

Where plaintiff recovered on note alleged to bear 6 per cent. interest and judgment bore 10 per cent. interest, appellant, not calling error in excessive interest rate on judgment to trial court's attention by exception, motion for new trial, or in any other manner, should pay costs of appeal.

Error from District Court, Dallam County; Reese Tatum, Judge.

Action by A. V. Smith, joined pro forma by W. C. Smith, her husband, against W. H. Douglas and others. Judgment for the first-named plaintiff, and defendants bring error. Reformed and affirmed.

F. P. Works, of Amarillo, and Art Schlofman, of Dalhart, for plaintiffs in error.

R. E. Stalcup, of Dalhart, for defendants in error.

JACKSON, J. This suit was instituted in the district court of Dallam county, Tex., by A. V. Smith, a married woman, joined pro forma by W. C. Smith, against Richard Gooch, A. F. Krull, Guy W. Slack, and W. H. Douglas.

A. V. Smith sought in trespass to try title to recover as her separate property the southwest one-fourth of section No. 11, and the east half of the southeast one-fourth of section 12, in block 4, Dallam county, Tex. In the alternative, she pleaded that, in the event she was not entitled to recover title and possession to the land, then she alleged that, on May 18, 1923, she was the fee-simple owner in her own separate right of the land, and joined by her husband she conveyed it to Richard Gooch, and retained in the deed a lien to secure the payment of $800, part of the purchase price which was evidenced by a note for said sum, executed by the said Gooch, and payable to her three years after date, May 18, 1923, with interest thereon at the rate of 6 per cent. per annum, payable annually; that the note was her separate property, and contained the usual attorney fee clause; that on the 24th day of May, 1923, Richard Gooch, by his proper deed, conveyed the property to A. F. Krull, who as a part of the consideration therefor assumed and promised to pay said note; that on July 24, 1923, A. F. Krull by his proper deed, sold and conveyed the property to Guy W. Slack, and W. H. Douglas, who as a part of the consideration for said land assumed and promised to pay said note; that, by reason of the premises, all of the defendants were bound and obligated to pay said note to her, which they had failed and refused to do, except interest accumulating thereon to May 18, 1925; that she had been forced to place

the note in the hands of her attorneys for collection and bring suit thereon, and prayed for rescission of the sale and cancellation of the deed, and, in the alternative, for judgment and a foreclosure of the vendor's lien.

The defendants Richard Gooch and A. F. Krull were served with nonresident notices, but neither made any appearance in the case.

The defendants Guy W. Slack and W. H. Douglas answered by general demurrer, general denial, and pleaded certain alleged equities to defeat a rescission of the sale and a cancellation of the deed; they also alleged that the land was not the separate property of Mrs. A. V. Smith, but was the community property of her and her husband, W. C. Smith, and that the note was not the separate property of Mrs. A. V. Smith, but belonged to the community of her and her husband, W. C. Smith. They alleged an indebtedness of $1,200 due them by W. C. Smith, and asked judgment therefor on their cross-action, and that said $1,200 be credited upon any judgment rendered against them on the note.

The only issue found by the jury, material to any question presented to this court, is the finding that the land in controversy was the separate property of Mrs. A. V. Smith.

On the findings of the jury, the court, on October 2, 1926, rendered judgment that Mrs. A. V. Smith recover from W. H. Douglas and Guy W. Slack the sum of $879.75, with interest at 10 per cent. per annum from the date of the judgment, and for costs, and that her vendor's lien against the land described be foreclosed, etc.; that the plaintiffs take nothing against Richard Gooch and A. F. Krull; that W. C. Smith, joined pro forma with his wife, take nothing against any of the defendants; that the defendants W. H. Douglas and Guy W. Slack have and recover from the plaintiff W. C. Smith a personal judgment in the sum of $1,200 with their execution.

From the order of the court decreeing the judgment in favor of Mrs. Smith, for the collection of the note and the foreclosure of her lien and the sale of the land therefor, etc., Guy W. Slack and W. H. Douglas, hereinafter called appellants, by writ of error, prosecute this appeal.

On October 4th, the appellants' attorneys filed their motion for a new trial, which was overruled by the court on October 16, 1926. The motion for a new trial did not contain any of the questions presented to this court for review, and the appellants, on November 27, 1926, filed assignments of error upon which they base their contentions, and seek a reversal of the judgment.

[1] Appellants challenge the validity or the judgment rendered in favor of A. V. Smith, a married woman, because it fails to adjudge the recovery awarded to her to be for the benefit of her separate estate, and in effect a judgment in favor of A. V. Smith, and her husband, W. C. Smith, and therefore the judgment is community property, available for the payment of community debts, and should be paid by crediting the amount thereof on the judgment recovered by appellants in their cross-action against W. C. Smith.

The decree of the court recites the finding of the jury to the effect that the land in controversy is the separate property of A. V. Smith, and gives her judgment for the debt and the foreclosure of the lien.

[2] It is settled that the consideration received for separate property by either the husband or wife continues to be separate property. Stephens v. Stephens (Tex. Civ. App.) 292 S. W. 290. The judgment of the court recites that W. C. Smith is joined in the suit pro forma by his wife, and decrees that he take nothing by the suit against any of the defendants. The question presented by appellant is disposed of in the judgment by necessary implication. Trammell et ux. v. Rosen, 106 Tex. 132, 157 S. W. 1161; Southern Pac. Co. v. Ulmer et ux. (Tex. Com. App.) 286 S. W. 193. If it should be conceded that the judgment is ambiguous, by reference to the pleadings and the entire record which is permissible, the intent and force of the judgment is readily ascertained. Houston Oil Co. of Texas v. Village Mills Co. (Tex. Com. App.) 241 S. W. 123.

[3] The appellants urge as error the action of the court in providing in the judgment that the amount thereof bear interest from the date of the judgment at the rate of 10 per centum per annum, because there was no pleading on which to allow interest at said rate. The plaintiff seeking a recovery on the note alleges that the note is for the principal sum of $800, "with interest from date until paid at the rate of 6 per cent. per annum," and the prayer is that judgment be rendered "for the amount of said note, principal, interest, and attorneys' fees," etc.

There is no allegation in the petition which authorizes the provision in the judgment that it bear interest at the rate of 10 per cent. per annum from date. There is no statement of facts in the record, but, admitting that the evidence disclosed that the note provided for interest at the rate of 10 per cent. per annum, the averment in the pleading that the note bore interest at 6 per cent. per annum would limit the right of recovery to that amount, and would not authorize a recovery of 10 per cent. interest per annum on the amount of the judgment. Buckholts State Bank v. Harris et al. (Tex. Civ. App.) 194 S. W. 961; Griffith v. Gohlman, Lester & Co. (Tex. Civ. App.) 253 S. W. 591, and authorities cited.

[4] As revealed by this record, this question was not called to the attention of the trial court by exception, motion for new trial, or in any other manner; hence no opportu-

nity was given for a correction of the judgment, and, under these conditions, it is our opinion that the costs of the appeal should be taxed against the appellant. Merryman et al. v. First Nat. Bank of Terrell (Tex. Civ. App.) 288 S. W. 840; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Converse et al. v. Langshaw, 81 Tex. 275, 16 S. W. 1031.

The judgment of the trial court is here reformed so as to bear interest from the date thereof at the rate of 6 per cent. per annum, and, as reformed, is in all other respects affirmed.