## SWISHER v. SWISHER.

### No. 11734.

Court of Civil Appeals of Texas. Galveston.

Oct. 25, 1945.

Henry G. Howland, of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates, of Houston, for appellee.

GRAVES, Justice.

Appellant (plaintiff below) filed this suit against appellee for a divorce. Appellee answered, filing a cross-action for divorce for herself and injunctive relief against him, making his mother, Mrs. B. F. Swisher, a party to the suit, and seeking a discovery of community property; she alleged that appellant had entered upon a studied design to defraud and deprive her of her rights in the community estate, also asking for reasonable attorney's fees. A temporary restraining order was issued, enjoining appellant from disposing of, or secreting, any of the community property, pending further orders of the court.

The trial was had before the court, sitting without a jury, resulting in a denial of appellant's prayer for a divorce, the granting instead of a divorce to the appellee, and a money judgment in her favor against him for the sum of $1,500.00—secured by a lien on certain personal property, which lien was also ordered foreclosed, together with the further recovery by her of $100 for attorney's fees.

In inveighing on this appeal in part only against the judgment so adverse to him

below, appellant—after first declaring that he "does not complain of the judgment in so far as it grants the divorce"—states five alleged points of error, directed alone against the award of the $1,500 money recovery against him; the gist of these presentments is, that there was no evidence before the court to sustain such award, hence that action amounted to an abuse of the trial court's discretion under Articles 4634 and 4638, Vernon's Revised Civil Statutes of Texas; that, following the pronouncement of the decree of divorce between the husband and wife, the court should have made a fair and just division of the personal community property the undisputed evidence showed that the parties then owned, instead of awarding all the property to the appellant and giving the appellee the $1,500 in money against him, which was greater than the value of the whole of such community property; especially so, when there was no evidence, either that the appellant then had any money on hand, or that he had "fraudulently disposed of community property in fraud of his wife."

Appellant's recited position narrows the controlling question upon this review, which is whether or not any abuse of the trial court's discretion—under such Article 4638—in so awarding the wife the money recovery, instead of a "fair and just" division in kind of the community assets then left in the parties, was shown.

After a careful review of the record, it is concluded that no such error inheres in the court's action. In the judgment itself, this finding was expressly made: "It further appearing unto the Court that plaintiff and cross-defendant, B. E. Swisher, has sold or otherwise disposed of a part of the community property belonging to him, and defendant and cross-plaintiff; that he has turned over and placed in the hands and possession of defendant, Mrs. B. F. Swisher, certain items of personal property constituting a part of the said community estate, including one washing-machine, one electric refrigerator, and one gas cooking range, in none of which defendant, Mrs. B. F. Swisher, owns any interest, but which remain and constitute a part of the community estate of plaintiff and cross-defendant, B. E. Swisher, and defendant and cross-plaintiff, Vaughnia Mae Swisher; that the action of plaintiff and cross defendant, B. E. Swisher, in selling or otherwise disposing of, or turning over to defendant, Mrs. B. F. Swisher,

a part of said community estate, was for the purpose of defrauding and depriving defendant and cross-plaintiff, Vaughnia Mae Swisher, of her rights in and to said community estate."

■ This Court finds no lack of support in the testimony for that finding; on the contrary, it was well within the limits of the evidence heard, indeed it was in part, at least, inferable from the testimony of the appellant himself. These findings are made plain by the following brief résumé of what the court had before it;

Appellant and appellee were married in July, 1938, and separated in November, 1943. Appellant testified that some three months prior to August, 1943, he purchased a cafe for $3,000. In his deposition, taken prior to the trial, he testified that "he closed up the cafe and walked off and left it". On the trial, his statement was that in August, 1943, "he got loose from the cafe for fifteen hundred dollars—for the outstanding debts he had in the cafe"; that he did not remember the name of the man to whom, at the time of the trial, he claimed to "have sold the cafe". He also testified that some three months prior to the time of the trial, which was had in March of 1945, he sold the household goods and property, but didn't know to whom he sold it; that he sold appellee's fur coats, but didn't know to whom he sold them; that he couldn't remember the names of the people to whom he "sold" farm equipment and chickens belonging to them both.

The appellee testified that appellant burned up money, which she had earned over a period of a year.

At the time of the trial, it was shown that appellant had possession of a 1940 Oldsmobile automobile belonging to himself and appellee, that their community estate also included a washing machine, two cemetery lots, and that a gas range, ice box, and cook stove were in the possession of his mother, the defendant, Mrs. B. F. Swisher.

The recited lien impressed by the trial court for the payment of the $1,500 judgment was upon the automobile, washing machine, electric refrigerator, and the gas stove, as well as upon all other community property of the parties.

■ The trial court found all the property involved to be community property, and the $1,500 award to the wife appears to have been less than one-half of the

value of such community property appellant had so kept in his hands; wherefore, that award could not have been excessive, as the husband contends.

Moreover, since by his own acts he had placed all of such property beyond the reach of the appellee in carrying it through a winding trail of individual dealings on his own part, and disposing of much of it, thereby placing it beyond his wife's reach, or knowledge, upon the statement that he did not remember the names of any of the parties to whom any of it went, he cannot be heard to complain that the court's quoted finding of bad faith against her was unsupported.

■ The authorities recognize that, where a wife has been defrauded by the husband's wrongful disposition of the community property, she is not confined to a recovery of the property, but may hold the husband personally responsible for her loss in damages. The rule is well stated in Speer's "Law of Marital Rights in Texas, 1929" at page 204, as follows: "The remedy of the wife who is defrauded by the husband's wrongful disposition of the community is not confined to a recovery of the property, for obviously this may be impossible, but there is no reason why she may not have her action against him personally for her loss. He would no more have the right fraudulently to appropriate her community property than her separate property."

For further authorities supporting the exercise of such discretion as the trial court used in this instance, see Vol. 15, Texas Jurisprudence, "Divorce and Separation", in paragraphs 106, 107, pages 582, 584; Clark v. Clark, Tex.Civ.App., 35 S. W.2d 189; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21.

These conclusions require an affirmance of the judgment; it is so ordered.

Affirmed.