NO. 07-02-0509-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 17, 2003



______________________________




IN THE MATTER OF THE MARRIAGE OF


SUSAN ELAINE SMITH AND MATTHEW JOSEPH SMITH


AND IN THE INTEREST OF LACEY RENEE SMITH, A CHILD


 


_________________________________



FROM THE 72
ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-514,193; HONORABLE BLAIR CHERRY, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.


MEMORANDUM OPINION




 Presenting seven points of error, appellant Susan Elaine Smith contends the trial
court erred in mischaracterization of certain properties and in making its division of the
property in granting her divorce from appellee Matthew Joseph Smith. By her points, Susan
contends 1) the trial court abused its discretion in its division of assets and liabilities of the
marital estate resulting in a manifestly unjust and unfair division; 2) the trial court erred in
characterizing $15,111 of American Funds Account as Matthew's separate property
because there is no evidence to support the award or alternatively, such award is contrary
to the overwhelming weight of the evidence; 3) the trial court erred in characterizing $26,623
of American Funds Roth IRA Account as Matthew's separate property because there is no
evidence to support the award or alternatively, such award is contrary to the overwhelming
weight of the evidence; 4) the trial court erred in characterizing the Morgan Stanley Dean
Witter Account having a balance of $56,043 as Matthew's separate property because such
characterization is not supported by legally sufficient evidence or alternatively, such
characterization is contrary to the overwhelming weight of the evidence; 5) the trial court
erred in failing to recognize an economic contribution interest in the community estate in
proceeds from the sale of property at 2802 22nd Street which constitutes Matthew's
separate property because the undisputed evidence or alternatively, the overwhelming
weight of the evidence supports only a conclusion that the community estate is entitled to
an economic contribution interest in such proceeds; 6) the trial court erred in characterizing
the Edward Jones Account having a balance of $8,717.92 as Matthew's separate property
because such finding is without support in the evidence or alternatively, such finding and
conclusion are contrary to the overwhelming weight of the evidence; and 7) the trial court
erred in awarding a $10,000 reimbursement claim to Matthew on community real property
located at 100 Cedar Road in Ruidoso, New Mexico, effectively characterizing such property
as Matthew's separate property. Based upon the rationale expressed, we reverse and
remand in part and affirm in part. 

 Matthew and Susan were married on December 27, 1986. Matthew had one son by
a prior marriage and one daughter during the marriage to Susan. The marriage had
problems several years prior to the divorce which prompted Matthew to move out of the
family home in January 2000. Susan filed a petition for divorce in June 2001. At the time
of the marriage, Matthew had a separate estate consisting of, among other things, stock in
McKee Wholesale, IRA accounts, rental property, and a residence. Following a non-jury
trial, the court made findings of fact and conclusions of law. 

 Findings of fact in a bench trial have the same force as a jury's verdict upon jury
questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, the findings are not conclusive when
a complete statement of facts appears in the record if the contrary is established as a
matter of law or if there is no evidence to support the findings. Middleton v. Kawasaki Steel
Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), writ ref'd n.r.e., 699
S.W.2d 199 (Tex. 1985) (per curiam). Findings of fact are reviewable for factual and legal
sufficiency under the same standards that are applied in reviewing evidence supporting a
jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.--Houston [14th Dist.] 1990,
no writ); see also W. Wendell Hall, Revisiting Standards of Review in Civil Appeals, 24 St.
Mary's L.J. 1045, 1145 (1993). 

 Further, where an appellant challenges both legal and factual sufficiency of the
evidence, the appellate court should first review the legal sufficiency challenge. Glover v.
Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981); Koch Oil Co. v. Wilber, 895
S.W.2d 854, 862 (Tex.App.--Beaumont 1995, writ denied). If an appellant is attacking the
legal sufficiency of an adverse finding on which he did not have the burden of proof, he 
must show on appeal that there is no evidence to support the adverse finding. Croucher
v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). The reviewing court considers the evidence
in the light most favorable to the finding to determine if there is any probative evidence or
reasonable inferences therefrom which supports the finding. Glover, 619 S.W.2d at 401. 
The court disregards all evidence and inferences to the contrary. Weirich v. Weirich, 833
S.W.2d 942, 945 (Tex. 1992).

 Our review of trial court conclusions of law is de novo. In re Humphreys, 880 S.W.2d
402, 403 (Tex. 1994), cert. denied, 513 U.S. 964, 115 S. Ct. 427, 130 L. Ed. 2d 340 (1994). 
However, as noted above, although findings of fact are reviewable for legal and factual
sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings
of fact rather than at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App.--Tyler 1997, writ denied). Further, the rule has often been otherwise stated that if the trial
court's findings of fact are not challenged by a point of error on appeal, they are binding
upon the appellate court. Northwest Park Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d
700, 704 (Tex.App.--Amarillo 1998, pet. denied); Carter v. Carter, 736 S.W.2d 775, 777
(Tex.App.--Houston [14th Dist.] 1987, no writ). 

 We address Susan's points in a logical rather than sequential order. By her second
and third points, she contends there is no evidence or alternatively insufficient evidence to
support findings of fact 13 and 14 and conclusions of law 5(c) and (d) that $15,111 out of
the American Funds Account and $26,623 out of the American Funds IRA Account
constituted Michael's separate property. (1) We agree in part.

 According to section 3.003(a) of the Texas Family Code, property possessed by
either spouse during or on dissolution of marriage is presumed to be community property. 
Also, under subsection (b) the degree of proof required to establish that property is separate
property is clear and convincing. As applicable here, clear and convincing is the degree of
evidence necessary to "produce in the mind of the trier of fact a firm belief or conviction
about the allegations sought to be established." See Tarver v. Tarver, 394 S.W.2d 780, 783
(Tex. 1965). To overcome the statutory presumption, Matthew had the burden to trace and
clearly identify the property claimed to be separate. Tracing involves establishing the
separate origin of the property through evidence showing the time and means by which the
spouse originally obtained possession of the property. Ganesan v. Vallabhaneni, 96 S.W.3d
345, 354 (Tex.App.--Austin 2002, pet. denied). In Tarver, 394 S.W.2d at 783, the Court
held:

 and that when the evidence shows that separate and community property
have been commingled as to defy resegregation and identification, the burden
is not discharged and the statutory presumption that the entire mass is
community controls its disposition.


Further, testimony of the spouse claiming that the property was acquired with separate
property funds, without any tracing of the funds, is generally insufficient to rebut the
presumption. McElwee v. McElwee, 911 S.W.2d 182,188 (Tex.App.--Houston [1st Dist.]
1995, writ denied). Moreover, in In Matter of Marriage of Moore, 890 S.W.2d 821, 827
(Tex.App.--Amarillo 1994, no writ), we held that a fiduciary relationship exists between a
husband and a wife as to the community property controlled by each spouse. 

 Analysis


 Because the evidence concerning the American Funds Account and the American
Funds Roth IRA Account is somewhat similar, we will consider Susan's two "no evidence"
challenges together. The documentation and testimony of Matthew demonstrated that at
the time of the marriage, he brought separate property into the marriage, including real and
personal property. Also, his testimony shows that during the marriage, he received
numerous gifts from his parents. Because the clear and convincing test of the evidence is
not applicable to a "no evidence challenge," we conclude there is more than a scintilla of
evidence that $15,111 and $26,623 were Matthew's separate property.

 In considering the factual sufficiency challenges, applying the clear and convincing
degree of proof requirement, we review all the evidence and reverse only if the challenged
findings are so against the great weight and preponderance of the evidence as to be
manifestly unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). Documentary
evidence provided by Michael to support his separate property claim of $15,111 of the
American Funds Account and $26,623 of the American Funds Roth IRA Account consisted
of (a) an account statement dated December 18, 1992, (b) account application dated
5/27/92, (c) request for transfer of assets dated 5/27/92, and (d) retirement statements from
Van Eck Funds marked "closed out 6/11/92." However, all of the documents are dated
almost six years after the marriage and do not provide any information identifying the origin
or source of the property or when it was originally obtained, as required by Ganesan. 96
S.W.3d at 354. Indeed, Matthew now candidly acknowledges that the finding and
conclusion that the entire $15,111 of the American Funds account is his separate property
is incorrect; however, he does not propose a remittitur of the amount according to his
calculations. Considering that Matthew maintained complete control of the separate and
community property of the parties, that he had duties as a fiduciary, that separate character
cannot be established by his testimony without tracing and documentary support, and the
absence or inadequacy of the documents to demonstrate the date and source of the
acquisition of the funds which were commingled into the two accounts, we conclude the
evidence was factually insufficient to establish that $15,111 and $26,623 of the two
accounts were the separate funds of Matthew by clear and convincing evidence. 
Accordingly, we sustain Susan's factual insufficiency challenges presented in points two and
three.

 By her fourth point, Susan contends the trial court erred in characterizing the balance
of $56,043 in the Morgan Stanley Dean Witter Account 313029197 as Matthew's separate
property because there was legally insufficient evidence or the characterization was contrary
to the overwhelming weight of the evidence. (2) Applying the standard of review and the
authorities referenced in the foregoing analysis, and for the reasons expressed herein,
although we agree there was more than a scintilla of evidence that the funds were
Matthew's separate property, we conclude the evidence was factually insufficient to
establish that the balance was his separate property by clear and convincing evidence.

 By finding of fact 17, the trial court found that the remaining balance of the account
represented a gift from his mother and the proceeds of insurance covering a cabin in New
Mexico. Then, by conclusion of law 5(a), the trial court concluded the account was
Matthew's separate property. Counsel for both parties agree the document designated as
Matthew's exhibit 30 presents a summary of the account. According to the documentation,
the account was not opened until February 1997 and appears to be styled Matthew's "Sole
and Separate Property." However, because Matthew's appendix 3 document demonstrates
that community funds were indeed funneled into the account, he maintained exclusive
control of the separate and community property and the fiduciary relationship, the style "sole
and separate property" is not controlling for purposes of our analysis.

 Although Matthew acknowledged that community funds had been deposited into the
account, in his brief, he bases his support of the findings of the trial court on Sibley v.
Sibley, 286 S.W.2d 657 (Tex.Civ.App.-- Dallas 1955, writ dism'd), which held that where an
account contains community and separate funds, it is presumed the community funds are
drawn first so that the balance in the account is presumed to be separate property. 
Although Sibley was a divorce case, it is not controlling here because it involved a "joint
account," which is not presented here. Accordingly, because Matthew's testimony standing
alone is insufficient to trace the separate nature of the funds, McElwee, 911 S.W.2d at 188,
the documentation does not show the origin or source of the funds, the referenced real
estate transactions were not independently documented and community funds were
admittedly deposited into the account, the evidence is insufficient to overcome the 
community property presumption by clear and convincing evidence. See Tarver, 394
S.W.2d at 783. Accordingly, we sustain Susan's contention in her fourth point that the
evidence was factually insufficient to support a finding by clear and convincing evidence that
the balance of the Morgan Stanley Dean Witter Account was Matthew's separate property.

 Our disposition of points of error two, three, and four pretermits our consideration of
her remaining points. We reverse that portion of the trial court's judgment that
characterizes property as community and separate and divides the community estate and
remand those issues to the trial court for further proceedings. In all other aspects, the
judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


1. The points were alternatively denominated as contrary to the overwhelming weight
of the evidence points. However, because Michael had the burden to establish the separate
character of the funds, they will be reviewed as insufficient evidence points. See Raw Hide
Oil & Gas v. Maxus Exploration Co., 766 S.W.2d 264, 275-76 (Tex.App.--Amarillo 1988, writ
denied). 
2. See footnote 1.