# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00288-CV

**Apparajan Ganesan, Appellant**

**v.**

**Sudha Vallabhaneni, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. 96-14089, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

Appellant Apparajan Ganesan appeals the district court's interlocutory order that he and Sudha Vallabhaneni were married at common law, as well as the subsequent final decree of divorce dividing their marital estate. In three issues, appellant contends that: (1) he is entitled to a new trial because the record of the six-day jury trial resulting in the common law ruling is incomplete; (2) the district court erred in rendering a judgment of common law marriage; and (3) the district court erred in the characterization and division of the parties' property in the final divorce decree. We will affirm the judgment of the district court.

## BACKGROUND

In 1994, Ganesan responded to Vallabhaneni's matrimonial advertisement in a magazine, and the two began a relationship. Soon after, the couple began contemplating a formal marriage. During the third week of February 1995, Vallabhaneni moved from California to live with

Ganesan in Austin. At times throughout the relationship, the parties publicly held themselves out to be married.

In August 1996, the couple separated, and Vallabhaneni sought a protective order against Ganesan. Ganesan violated the protective order, and while serving a fourteen-day sentence, he solicited another inmate to have Vallabhaneni murdered. In 1997, Ganesan filed for bankruptcy, and during negotiations he solicited a second individual to have Vallabhaneni and her attorney murdered. Ganesan was convicted of two counts of solicitation to commit murder, and this Court affirmed that conviction relating to acts against Vallabhaneni. *See Ganesan v. State*, 45 S.W.3d 197 (Tex. App.—Austin 2001, pet. ref'd).

The parties tried the common law marriage issue to a jury and thereafter tried the remaining issues before the court. In January 1998, the district court rendered interlocutory judgment on the jury's verdict that Vallabhaneni and Ganesan were married at common law on February 23, 1995. On February 21, 2001, the district court signed a final decree of divorce.

## DISCUSSION

*Incomplete Reporter's Record*

In his first issue, appellant argues that because the record of the jury trial is incomplete, he is entitled to a new trial. *See* Tex. R. App. P. 34.6(f). The jury trial began September 8, 1997, and lasted six days. The court reporter destroyed the notes and tapes of the proceedings for September 9 and 10 after the expiration of three years. Ganesan did not request that the reporter prepare the record until May 2001. The two missing days included appellee's testimony during the jury trial portion of the cause.

2

Court reporters are permitted to destroy records after three years. *See* Tex. Gov't Code Ann. § 52.046(a)(4) (West 1998); *see also Piotrowski v. Minns*, 873 S.W.2d 368, 370 (Tex. 1993) ("By negative implication, the statute authorizes reporters to cull stale notes from their records after three years from the date on which they were taken."). Ganesan argues he is entitled to a new trial because he "timely requested" the record and it was lost or destroyed "without appellant's fault." *See* Tex. R. App. P. 34.6(f).

The Texas Supreme Court has expressly held that "[i]f a litigant has not requested the reporter to prepare a statement of the facts within three years, nor specifically requested that the notes of a proceeding be preserved beyond three years, then the litigant is not free from fault . . . ." *See Piotrowski*, 873 S.W.2d at 371. Because Ganesan could have requested the reporter to prepare the record within three years of the proceeding, or at minimum requested that the record be preserved, he is not free from fault. Accordingly, he is not entitled to a new trial. *See id.* at 370 (holding appellant is not entitled to a new trial unless the reporter's notes have been lost or destroyed *without appellant's fault* and the parties cannot agree on a statement of facts).[1]

Appellant argues that his request for the reporter's record was timely because it was made "at or before the time for perfecting appeal." *See* Tex. R. App. P. 34.6(b)(1). Rule 34.6(f) clearly requires a timely request *and* loss or destruction of the reporter's notes without appellant's fault before he is entitled to a new trial. *See* Tex. R. App. P. 34.6(f)(1)&(2). Because appellant is not free from fault, the fact that his request may have been timely under Rule 34.6(b)(1) is irrelevant. Accordingly, we overrule appellant's first issue.

---

[1] Appellant concedes that he is unable to provide authority for the proposition that his bankruptcy proceeding stayed the limitations period for his record request.

*Jury Charge*

In his second issue, appellant argues that the district court erred by: (1) failing to properly instruct the jury on common law marriage, and (2) refusing to admit into evidence a letter from appellee's mother suggesting a possible future marriage date.

The standard of review for error in the jury charge is abuse of discretion. *Texas Dep't of Human Servs. v. E. B.*, 802 S.W.2d 647, 649 (Tex. 1990). A trial court abuses its discretion only when it acts without reference to guiding rules or principles. *Id.* To determine whether an alleged error in the jury charge requires reversal, the reviewing court must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex. 1986); *Allen v. Allen*, 966 S.W.2d 658, 660 (Tex. App.—San Antonio 1998, pet. denied). Alleged error will be deemed reversible only if, when viewed in light of the totality of the circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1); *In re A.V.*, 57 S.W.3d 51, 62 (Tex. App.—Waco 2001, no pet.).

Ganesan complains of the district court's instruction to the jury regarding common law marriage. Section 2.401(a)(2) of the Family Code provides that "the marriage of a man and woman may be proved by evidence that . . . the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." Tex. Fam. Code Ann. § 2.401(a)(2) (West 1998). The jury instruction in the present case tracks the language of the code: "A man and a woman are married if they agreed to be married and after the agreement they lived together in Texas as husband and wife and there

4

represented to others that they were married." Based on this instruction, the jury found that appellant and Vallabhaneni were married as of February 23, 1995.

The district court rejected the following set of instructions submitted by appellant:

Living Together in Texas. An agreement to marry in the future, coupled with cohabitation, will not establish a marriage. *Leal v. Moreno*, 733 S.W.2d 322 (Tex. App.—Corpus Christi 1987). Merely living with a person of the opposite sex and having a sexual relationship with that person is not enough to establish a marriage. *Thompkins v. State*, 774 S.W.2d 195 (Tex. Crim. App. 1987).

Representation to Others. The element of representing to others is not satisfied by an occasional uncontradicted reference to a cohabitant as "my wife" or "my husband" or "mine." Such statements will not prove a tacit agreement to be married without corroboration. Statements referencing someone as their "husband" or "wife" made in a self-serving context do not have to be taken as true statements when determining if the parties had an agreement to be married. *Russell v. Russell*, 865 S.W.2d 929 (Tex. 1993).

Continuity of Existence of Marriage. One cannot both declare to be single and married. A party cannot drop in and out of marriage based on the financial opportunities or advantages that status presents on different days. *Fuentes v. Transamerica Nat'l Gas Corp.*, 933 S.W.2d 624 (Tex. App.—San Antonio 1996, n.w.h.).[2]

Appellant contends that because the evidence supported the submission of these instructions to the jury, the trial court erred by not giving them. We disagree.

Trial courts are charged with submitting "such instructions and definitions as shall be proper to enable the jury to render a verdict." *St. Joseph Hosp. v. Wolff*, 999 S.W.2d 579, 586 (Tex. App.—Austin 1999, no pet.). The trial court's latitude in this area is even greater than in the area of jury questions. *Oadra v. Stegall*, 871 S.W.2d 882, 889 (Tex. App.—Houston [14th Dist.] 1994,

---

[2] Appellant relies on Justice Rickoff's concurring opinion in *Fuentes*.

no writ). "If the charge resolves the controlling issues raised by the pleadings and any evidence in a feasible manner that does not confuse the jury, no error occurs." *Connell Chevrolet Co. v. Leak*, 967 S.W.2d 888, 894 (Tex. App.—Austin 1998, no pet.). In the present case, the district court's instruction made it clear to the jury that it could find the parties were informally married only if it found: (1) an agreement to be married, (2) after the agreement, the couple lived together in Texas as husband and wife, and (3) the couple represented to others that they were married. *See Russell v. Russell*, 865 S.W.2d 929, 932 (Tex. 1993). This instruction is consistent with both the applicable Family Code provision and the Texas Pattern Jury Charge. *See* Tex. Fam. Code Ann. § 2.401(a)(2); Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges* Family PJC 201.4A (2000). As such, we cannot say that the district court's instruction amounted to an abuse of discretion. *St. Joseph Hosp.*, 999 S.W.2d at 586.

Even if the district court's failure to give the instruction constituted error, however, appellant does not contend that the charge amounted to such a denial of his rights as was reasonably calculated and probably did cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). Ganesan argues his proposed instruction "would have helped the jury evaluate the evidence regarding the parties' agreement [to be married]," and that "[w]ithout the instructions, the jury could minimize or ignore the evidence [that Ganesan and Vallabhaneni contemplated a future marriage]." In effect, Ganesan tendered the instruction so the court could provide the jury guidance on the weight to give the evidence, which would have been an impermissible comment by the trial court. *See* Tex. R. Civ. P. 277. Therefore, any error in the charge does not merit reversal because there has been no showing that it was reasonably calculated and probably did cause rendition of an

6

improper judgment. *See Passons*, 969 S.W.2d at 563. Accordingly, we overrule Ganesan's complaint.

### *Exclusion of the Evidence*

Appellant contends that the district court erred by sustaining appellee's objection to the admission of a letter into evidence. Appellant testified that the letter was sent by Vallabhaneni's mother suggesting an appropriate time for a formal marriage ceremony. Because appellant could not testify to the fact that the letter was in the mother's handwriting, appellee objected to its admission on the ground that it had not been properly authenticated. The district court sustained the objection.

The admission or exclusion of evidence is committed to the trial court's sound discretion. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A party seeking to reverse a judgment based on the admission or exclusion of evidence must show that the evidence was erroneously admitted or excluded and that the error probably caused rendition of an improper judgment. *Id.*; *see also* Tex. R. App. P. 44.1(a)(1); Tex. R. Evid. 103(a). A successful challenge to evidentiary rulings usually requires the complaining party to show the judgment turns on the particular evidence excluded or admitted. *Alvarado*, 897 S.W.2d at 753-54. We determine whether the case turns on the evidence excluded by reviewing the entire record. *Id.* at 753.

The only authority cited by appellant in his discussion of this issue is Texas Rule of Evidence 901(b)(4),[3] which provides that the authentication requirement can be met by "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with

---

[3] Appellant cites Rule "901(4)" as authority for this contention; we assume he refers to Rule 901(b)(4).

circumstances." Tex. R. Evid. 901(b)(4). However, the record reflects that appellant failed to make this argument to the trial court; appellant's response to appellee's objection was limited to the contention that the letter was not being offered for its truth, but as a reflection of the state of mind of appellee's family. Because appellant did not present this argument to the trial court, he cannot make it on appeal. Tex. R. App. P. 33.1. Accordingly, we overrule the issue.[4]

### *Legal and Factual Sufficiency of the Evidence*

Appellant challenges the factual sufficiency of the evidence supporting the jury's finding that the parties were married. He further challenges the legal and factual sufficiency of the evidence supporting the jury's finding that the parties' informal marriage occurred on February 23, 1995. In his third issue, Ganesan challenges the factual sufficiency of the evidence to support the district court's distribution of the marital estate.

> [W]hen an appellant complains of the factual or legal sufficiency of the evidence, the appellant has the burden to show that the judgment is erroneous, and this burden cannot be discharged in the absence of a complete or agreed statement of facts; rather, "it is presumed that the omitted evidence supports the trial court's judgment."

*Kwik Wash Laundries, Inc. v. McIntyre*, 840 S.W.2d 739, 741-42 (Tex. App.—Austin 1992, no writ); *see also Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968). Because Ganesan

---

[4] On appeal, appellant restates his argument that the letter should be admitted as a reflection of the family's state of mind; however, appellant cites no authority for his position, and his issue is overruled accordingly. *See* Tex. R. App. P. 38.1(h). In any event, we question how the state of mind of appellee's family is relevant to prove the parties' mutual agreement to be married.

failed to file a complete reporter's record or agreed statement of the facts, his factual and legal sufficiency challenges must fail. *See id.*[5]

Even in the absence of a complete reporter's record, the partial record before us reflects factually sufficient evidence to support the finding that the parties were informally married, as well as the district court's division of marital property. The record further reflects legally and factually sufficient evidence to support the finding that the parties' informal marriage occurred on February 23, 1995. To review the evidence under a no-evidence point, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Leal v. Texas Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 315, 321 (Tex. App.—Austin 2000, no pet.). We will uphold the finding if more than a scintilla of the evidence supports it. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *In re King's Estate*, 244 S.W.2d 660, 661 (Tex. 1951). The evidence supporting a finding amounts to more than a scintilla if

---

[5] While appellant does not make the argument, we note that *Englander* and *McIntyre* predate current Rule of Appellate Procedure 34.6(c)(4), which provides:

> The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. This presumption applies even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue.

Tex. R. App. P. 34.6(c)(4). One court of appeals has observed, "Rule 34.6(c) allows appellant to request a partial reporter's record in order to minimize the expense and delay associated with the appellate process." *Jaramillo v. Atchison, Topeka & Santa Fe Ry. Co.*, 986 S.W.2d 701, 702 (Tex. App.—Eastland 1998, no pet.). Ganesan did not designate a partial reporter's record, and the policy consideration of minimizing expense and delay does not apply here. Because appellant simply neglected to request or preserve the reporter's record, Rule 34.6(c)(4) is not applicable.

reasonable minds could arrive at the finding given the facts proved in the particular case. *Id.*; *Brigham v. Brigham*, 863 S.W.2d 761, 762 (Tex. App.—Dallas 1993, writ denied).

When reviewing a jury verdict to determine the factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Leal*, 25 S.W.3d at 321; *Brigham*, 863 S.W.2d at 762-63. We will not substitute our judgment for that of the trier of fact merely because we reach a different conclusion. *Leal*, 25 S.W.3d at 321.

As the basis for his challenge to the finding that the parties were informally married, appellant refers to his trial testimony in which he indicates that he only agreed to a future marriage to Vallabhaneni and recounts the occasions on which their attempts to be formally married failed. Appellant also points to the testimony of Kevin Leverenz, a police officer with the Austin Police Department. Leverenz testified that he responded to a domestic disturbance call at appellant's residence in August 1995 and that appellee repeatedly complained that Ganesan had brought her to Austin under false pretenses of becoming his wife. Ganesan further points to appellee's immigration documentation in which she holds herself out as single. Appellant dismisses all other conflicting evidence in the record as "indirect" and concludes that "[i]n the absence of Vallabhaneni's testimony, the evidence of record surely preponderates against the jury's finding that there was a common law marriage."

Appellee responds by providing numerous citations to the record before us which indicate the existence of an informal marriage, including the following: (1) Ganesan testified under oath in a deposition in November 1995 that appellee was his common law wife; (2) Ganesan referred

10

to appellee as his wife in a letter signed by both parties; (3) appellee referred to Ganesan as her husband in a letter to the Consulate General of Switzerland; and (4) appellee referred to Ganesan as her common-law husband in her request for protective order. After reviewing the evidence contained in the incomplete record, we cannot say that the judgment is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Accordingly, we overrule appellant's issue.

Appellant contends that the evidence is legally and factually insufficient to support the jury's finding that the parties' informal marriage occurred on February 23, 1995. However, it is undisputed that the parties began living together in Austin during the third week of February 1995. Accordingly, we conclude that there is more than a scintilla of evidence to support the jury's finding, and we cannot say that the judgment is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust; therefore, we overrule appellant's complaint.

Appellant contends that the evidence is factually insufficient to support the district court's finding that he failed to overcome the presumption of community property as to certain retirement and brokerage accounts and a ranch. "Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." Tex. Fam. Code Ann. § 3.003(a) (West 1998). "The degree of proof necessary to establish that property is separate property is clear and convincing evidence." *Id.* § 3.003(b) (West 1998). Clear and convincing evidence is the degree of proof that will produce in the mind of the trier of fact a firm belief or conviction about the allegations sought to be established. *See Tarver v. Tarver*, 394 S.W.2d 780, 783 (Tex. 1965); *Ellebracht v. Ellebracht*, 735 S.W.2d 658, 659 (Tex. App.—Austin 1987, no writ). To overcome this presumption, the spouse claiming separate property must trace and clearly identify the property claimed to be separate. *See Whorall v. Whorall*, 691 S.W.2d 32, 35 (Tex. App.—Austin 1985, writ

dism'd) (citing *McKinley v. McKinley*, 496 S.W.2d 540 (Tex. 1973)). Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *See id.*

The record reflects that the only evidence appellant provided was his own testimony that he had certain accounts prior to his marriage to Vallabhaneni, out of which he made payments for the ranch, and several exhibits purporting to establish the separate nature of those accounts. However, Ganesan's testimony is limited to naming the institutions holding his accounts; neither his testimony nor the exhibits provide account numbers, statements of accounts, dates of transfers, amounts transferred in or out, sources of funds, or any semblance of asset tracing. The burden to overcome the statutory presumption was on Ganesan, and we cannot say that the district court's failure to find that he overcame the community property presumption is contrary to the overwhelming weight of the evidence so as to be clearly wrong and unjust. Accordingly, his issue is overruled.

Finally, appellant challenges the trial court's division of marital property. In the divorce decree, the trial court has the duty to order a just and right division of the parties' estate, having due regard for the rights of each spouse. Tex. Fam. Code Ann. § 7.001 (West 1998). Appellant contends that there is insufficient evidence to support the district court's division of the community estate based on any disparity in income or earning potential. However, appellant does not point to and we are unaware of any indication in the district court's judgment or findings of fact and conclusions of law that the trial court's division of the property was based on disparity in income or earning potential. As such, we overrule his complaint.

12

## CONCLUSION

We overrule all of Ganesan's complaints on appeal. We therefore affirm the judgment of the district court.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Puryear

Affirmed

Filed: March 21, 2002

Publish