NO. 07-02-0509-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 17, 2003

_____

IN THE MATTER OF THE MARRIAGE OF
SUSAN ELAINE SMITH AND MATTHEW JOSEPH SMITH
AND IN THE INTEREST OF LACEY RENEE SMITH, A CHILD

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-514,193; HONORABLE BLAIR CHERRY, JR., JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Presenting seven points of error, appellant Susan Elaine Smith contends the trial court erred in mischaracterization of certain properties and in making its division of the property in granting her divorce from appellee Matthew Joseph Smith. By her points, Susan contends 1) the trial court abused its discretion in its division of assets and liabilities of the marital estate resulting in a manifestly unjust and unfair division; 2) the trial court erred in characterizing $15,111 of American Funds Account as Matthew's separate property

because there is no evidence to support the award or alternatively, such award is contrary to the overwhelming weight of the evidence; 3) the trial court erred in characterizing $26,623 of American Funds Roth IRA Account as Matthew's separate property because there is no evidence to support the award or alternatively, such award is contrary to the overwhelming weight of the evidence; 4) the trial court erred in characterizing the Morgan Stanley Dean Witter Account having a balance of $56,043 as Matthew's separate property because such characterization is not supported by legally sufficient evidence or alternatively, such characterization is contrary to the overwhelming weight of the evidence; 5) the trial court erred in failing to recognize an economic contribution interest in the community estate in proceeds from the sale of property at 2802 22nd Street which constitutes Matthew's separate property because the undisputed evidence or alternatively, the overwhelming weight of the evidence supports only a conclusion that the community estate is entitled to an economic contribution interest in such proceeds; 6) the trial court erred in characterizing the Edward Jones Account having a balance of $8,717.92 as Matthew's separate property because such finding is without support in the evidence or alternatively, such finding and conclusion are contrary to the overwhelming weight of the evidence; and 7) the trial court erred in awarding a $10,000 reimbursement claim to Matthew on community real property located at 100 Cedar Road in Ruidoso, New Mexico, effectively characterizing such property as Matthew's separate property. Based upon the rationale expressed, we reverse and remand in part and affirm in part.

Matthew and Susan were married on December 27, 1986. Matthew had one son by a prior marriage and one daughter during the marriage to Susan. The marriage had problems several years prior to the divorce which prompted Matthew to move out of the family home in January 2000. Susan filed a petition for divorce in June 2001. At the time of the marriage, Matthew had a separate estate consisting of, among other things, stock in McKee Wholesale, IRA accounts, rental property, and a residence. Following a non-jury trial, the court made findings of fact and conclusions of law.

Findings of fact in a bench trial have the same force as a jury's verdict upon jury questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, the findings are not conclusive when a complete statement of facts appears in the record if the contrary is established as a matter of law or if there is no evidence to support the findings. Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex. 1985) (per curiam). Findings of fact are reviewable for factual and legal sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ); *see also* W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals*, 24 ST. MARY'S L.J. 1045, 1145 (1993).

Further, where an appellant challenges both legal and factual sufficiency of the evidence, the appellate court should first review the legal sufficiency challenge. Glover v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981); Koch Oil Co. v. Wilber, 895

3

S.W.2d 854, 862 (Tex.App.--Beaumont 1995, writ denied). If an appellant is attacking the legal sufficiency of an adverse finding on which he did not have the burden of proof, he must show on appeal that there is no evidence to support the adverse finding. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). The reviewing court considers the evidence in the light most favorable to the finding to determine if there is any probative evidence or reasonable inferences therefrom which supports the finding. *Glover*, 619 S.W.2d at 401. The court disregards all evidence and inferences to the contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992).

Our review of trial court conclusions of law is *de novo.* In re Humphreys, 880 S.W.2d 402, 403 (Tex. 1994), *cert. denied*, 513 U.S. 964, 115 S. Ct. 427, 130 L. Ed. 2d 340 (1994). However, as noted above, although findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App.--Tyler 1997, writ denied). Further, the rule has often been otherwise stated that if the trial court's findings of fact are not challenged by a point of error on appeal, they are binding upon the appellate court. Northwest Park Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet. denied); Carter v. Carter, 736 S.W.2d 775, 777 (Tex.App.--Houston [14th Dist.] 1987, no writ).

We address Susan's points in a logical rather than sequential order. By her second and third points, she contends there is no evidence or alternatively insufficient evidence to support findings of fact 13 and 14 and conclusions of law 5(c) and (d) that $15,111 out of

4

the American Funds Account and $26,623 out of the American Funds IRA Account constituted Michael's separate property.[1]  We agree in part.

According to section 3.003(a) of the Texas Family Code, property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Also, under subsection (b) the degree of proof required to establish that property is separate property is clear and convincing.  As applicable here, clear and convincing is the degree of evidence necessary to "produce in the mind of the trier of fact a firm belief or conviction about the allegations sought to be established." *See* Tarver v. Tarver, 394 S.W.2d 780, 783 (Tex. 1965).  To overcome the statutory presumption, Matthew had the burden to trace and clearly identify the property claimed to be separate.  Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. Ganesan v. Vallabhaneni, 96 S.W.3d 345, 354 (Tex.App.--Austin 2002, pet. denied).  In *Tarver*, 394 S.W.2d at 783, the Court held:

> and that when the evidence shows that separate and community property have been commingled as to defy resegregation and identification, the burden is not discharged and the statutory presumption that the entire mass is community controls its disposition.

---

[1]The points were alternatively denominated as contrary to the overwhelming weight of the evidence points.  However, because Michael had the burden to establish the separate character of the funds, they will be reviewed as insufficient evidence points.  *See* Raw Hide Oil & Gas v. Maxus Exploration Co., 766 S.W.2d 264, 275-76 (Tex.App.--Amarillo 1988, writ denied).

Further, testimony of the spouse claiming that the property was acquired with separate property funds, without any tracing of the funds, is generally insufficient to rebut the presumption. McElwee v. McElwee, 911 S.W.2d 182,188 (Tex.App.--Houston [1st Dist.] 1995, writ denied). Moreover, in In Matter of Marriage of Moore, 890 S.W.2d 821, 827 (Tex.App.--Amarillo 1994, no writ), we held that a fiduciary relationship exists between a husband and a wife as to the community property controlled by each spouse.

Analysis

Because the evidence concerning the American Funds Account and the American Funds Roth IRA Account is somewhat similar, we will consider Susan's two "no evidence" challenges together. The documentation and testimony of Matthew demonstrated that at the time of the marriage, he brought separate property into the marriage, including real and personal property. Also, his testimony shows that during the marriage, he received numerous gifts from his parents. Because the clear and convincing test of the evidence is not applicable to a "no evidence challenge," we conclude there is more than a scintilla of evidence that $15,111 and $26,623 were Matthew's separate property.

In considering the factual sufficiency challenges, applying the clear and convincing degree of proof requirement, we review all the evidence and reverse only if the challenged findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). Documentary evidence provided by Michael to support his separate property claim of $15,111 of the

6

American Funds Account and $26,623 of the American Funds Roth IRA Account consisted of (a) an account statement dated December 18, 1992, (b) account application dated 5/27/92, (c) request for transfer of assets dated 5/27/92, and (d) retirement statements from Van Eck Funds marked "closed out 6/11/92." However, all of the documents are dated almost six years after the marriage and do not provide any information identifying the origin or source of the property or when it was originally obtained, as required by *Ganesan*. 96 S.W.3d at 354. Indeed, Matthew now candidly acknowledges that the finding and conclusion that the entire $15,111 of the American Funds account is his separate property is incorrect; however, he does not propose a remittitur of the amount according to his calculations. Considering that Matthew maintained complete control of the separate and community property of the parties, that he had duties as a fiduciary, that separate character cannot be established by his testimony without tracing and documentary support, and the absence or inadequacy of the documents to demonstrate the date and source of the acquisition of the funds which were commingled into the two accounts, we conclude the evidence was factually insufficient to establish that $15,111 and $26,623 of the two accounts were the separate funds of Matthew by clear and convincing evidence. Accordingly, we sustain Susan's factual insufficiency challenges presented in points two and three.

By her fourth point, Susan contends the trial court erred in characterizing the balance of $56,043 in the Morgan Stanley Dean Witter Account 313029197 as Matthew's separate property because there was legally insufficient evidence or the characterization was contrary

to the overwhelming weight of the evidence.[2]  Applying the standard of review and the authorities referenced in the foregoing analysis, and for the reasons expressed herein, although we agree there was more than a scintilla of evidence that the funds were Matthew's separate property, we conclude the evidence was factually insufficient to establish that the balance was his separate property by clear and convincing evidence.

By finding of fact 17, the trial court found that the remaining balance of the account represented a gift from his mother and the proceeds of insurance covering a cabin in New Mexico.  Then, by conclusion of law 5(a), the trial court concluded the account was Matthew's separate property.  Counsel for both parties agree the document designated as Matthew's exhibit 30 presents a summary of the account.  According to the documentation, the account was not opened until February 1997 and appears to be styled Matthew's "Sole and Separate Property."  However, because Matthew's appendix 3 document demonstrates that community funds were indeed funneled into the account, he maintained exclusive control of the separate and community property and the fiduciary relationship, the style "sole and separate property" is not controlling for purposes of our analysis.

Although Matthew acknowledged that community funds had been deposited into the account, in his brief, he bases his support of the findings of the trial court on Sibley v. Sibley, 286 S.W.2d 657 (Tex.Civ.App.-- Dallas 1955, writ dism'd), which held that where an account contains community and separate funds, it is presumed the community funds are

---

[2]*See* footnote 1.

drawn first so that the balance in the account is presumed to be separate property. Although *Sibley* was a divorce case, it is not controlling here because it involved a "joint account," which is not presented here. Accordingly, because Matthew's testimony standing alone is insufficient to trace the separate nature of the funds, *McElwee*, 911 S.W.2d at 188, the documentation does not show the origin or source of the funds, the referenced real estate transactions were not independently documented and community funds were admittedly deposited into the account, the evidence is insufficient to overcome the community property presumption by clear and convincing evidence. See *Tarver*, 394 S.W.2d at 783. Accordingly, we sustain Susan's contention in her fourth point that the evidence was factually insufficient to support a finding by clear and convincing evidence that the balance of the Morgan Stanley Dean Witter Account was Matthew's separate property.

Our disposition of points of error two, three, and four pretermits our consideration of her remaining points. We reverse that portion of the trial court's judgment that characterizes property as community and separate and divides the community estate and remand those issues to the trial court for further proceedings. In all other aspects, the judgment of the trial court is affirmed.

Don H. Reavis
Justice