TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00196-CV






Thomas Jackson Wilson, II, Appellant



v.



Deborah Fleming Wilson, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 20538, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 Thomas Jackson Wilson, II (Wilson) appeals from the property division in his 
divorce from Deborah Fleming Wilson (Fleming). (1) Wilson brings two issues on appeal: the trial
court erred by mischaracterizing certain property and erred in its property division because it was
not just and right. We will affirm the trial court's judgment.


Factual and Procedural Background



 Wilson and Fleming were married in October 1993 and ceased living together in
December 2000. There were no children of the marriage. Along with two siblings, Wilson owned
a one-third undivided interest in a 59.60-acre tract of land in Burnet County. After Wilson and
Fleming married, Wilson's siblings wanted to sell some of the land to finance a business. Wilson
and his two siblings entered a transaction that resulted in the conveyance to Wilson and Fleming of
42.91 acres (the "ranch property"); they used Fleming's separate-property cash as a down payment
to finance the purchase of additional acreage, more than what would have constituted Wilson's one-third share. (2) An existing cottage was on the land they purchased; it was later improved and used as
a bed and breakfast. A new house was later constructed on the tract.

 During the marriage, Wilson and Fleming also purchased acreage on the Llano River,
known as "Lot 14." Lot 14's characterization as community property is not disputed. A second lot
on the Llano River, "Lot 13," was jointly owned by Wilson and his former wife, Bobbye Wilson. 
Wilson and Fleming paid Bobbye Wilson cash for that property, using a combination of Fleming's
separate property cash and a loan to the community. Wilson disputed the characterization of Lot 13
as community property.

 Another disputed asset in the property division was a retirement account. Before
marriage, Fleming owned a retirement account from her employment. The funds were rolled over
to open Northwestern Mutual Life Account 12893254 ("the retirement account") immediately after
Wilson and Fleming were married. The rollover resulted in the acquisition of 5856.05 "units." (3) 
During the course of the marriage, an additional 8239.90 units were acquired, resulting in a total of
14095.95 units.

 At trial, Fleming presented both documentary and testimonial evidence, including her
proposed property division. The parties stipulated to the value and characterization of all property,
except for the characterization of these three assets: the ranch property, Lot 13, and the retirement
account. The court's judgment confirmed all stipulations, characterized all disputed assets as
community property, and awarded the property as requested in Fleming's proposed property division. 
The court made findings of fact and conclusions of law.


Discussion



Standard of Review


 Findings of fact made in a case tried to the court are of the same force and dignity as
a jury's verdict upon special issues. Zisblatt v. Zisblatt, 693 S.W.2d 944, 949 (Tex. App.--Fort
Worth 1985, writ dism'd w.o.j.). As the trier of fact in a bench trial, the court determines the
credibility of the witnesses and the weight to be given their testimony, whether to believe or
disbelieve all or any part of the testimony, and how to resolve any inconsistencies in the testimony. 
Robbins v. Roberts, 833 S.W.2d 619, 624 (Tex. App.--Amarillo 1992, no writ). We may not
interfere with the fact finder's resolution of conflicts in the evidence or pass on the weight or
credibility of the witnesses' testimony. See Benoit v. Wilson, 239 S.W.2d 792, 796-97 (Tex. 1951). 
When there is conflicting evidence, the appellate court usually regards the finding of the trier of fact
as conclusive. See Jauregui v. Jones, 695 S.W.2d 258, 263 (Tex. App.--San Antonio 1985, writ
ref'd n.r.e.). 

 We review the sufficiency of the evidence supporting findings of fact under the same
standards we apply to jury findings. See Zisblatt, 693 S.W.2d at 949. When the burden of proof at
trial is by clear and convincing evidence, we consider all of the evidence and determine whether the
evidence was sufficient to produce in the mind of the fact finder a firm belief or conviction as to the
truth of the allegations sought to be established. Tate v. Tate, 55 S.W.3d 1, 5 (Tex. App.--El Paso
2000, no pet.).


Characterization Disputes


 In his first issue, Wilson contends that the trial court erred in mischaracterizing the
ranch property as community property because it was his separate property. The court partitioned
the 42.91 acres of the ranch property, awarding a separate 21.45-acre tract to each party. Fleming
received the tract with the new house, Wilson the tract with the cottage.

 Property possessed by either spouse on dissolution of the marriage is presumed to be
community property. Tex. Fam. Code Ann. § 3.003(a) (West 1998); Ganesan v. Vallabhaneni, 96
S.W.3d 345, 354 (Tex. App.--Austin 2002, pet. denied); Kiel v. Brinkman, 668 S.W.2d 926, 929
(Tex. App.--Houston [14th Dist.] 1984, no writ). That presumption can be overcome by clear and
convincing evidence that the asset is one spouse's separate property. Fam. Code § 3.003(b);
Ganesan, 96 S.W.3d at 354. The spouse claiming separate property must clearly identify the
property claimed to be separate. Ganesan, 96 S.W.3d at 354; Robles v. Robles, 965 S.W.2d 605, 614
(Tex. App.--Houston [1st Dist.] 1998, pet. denied) (citing Cockerham v. Cockerham, 527 S.W.2d
162, 167 (Tex. 1975)).

 An undivided possessory interest in property is a tenancy in common. Rittgers v.
Rittgers, 802 S.W.2d 109, 113 (Tex. App.--Corpus Christi 1990, writ denied). Only through
partition can a tenancy in common vest in each owner a sole estate in a specific portion of land. 
Dierschke v. Central Nat'l Branch of First Nat'l Bank, 876 S.W.2d 377, 379 (Tex. App.--Austin
1994, no writ).

 The ranch property was jointly owned by Wilson and his siblings before Wilson and
Fleming's marriage. There is no deed in the record showing that Wilson had any sole interest in any
specific tract out of the 59.60 acres jointly owned by the siblings. Although Wilson held his tenancy
in common before marriage, there was never a partition by the siblings so Wilson could not claim
an identifiable separate estate in any distinct tract. Wilson and Fleming acquired 42.91 specific acres
after their marriage. No reservation is made in the deed that the property is Wilson's separate
property. Fleming testified that the intent was to convey the property to the community and to build
a home there. In making this acquisition, Wilson contributed the value of his tenancy in common
and Fleming used her separate funds to make the down payment; the loan was a community debt. 
According to Fleming, this arrangement allowed the community to acquire more acreage, resulting
in their ownership of a total of 42.91 acres. Wilson disagreed, testifying that Fleming's name was
on the deed only as a "formality" to obtain financing.

 The court was not compelled to believe Wilson's testimony concerning the intent of
the parties. See Robbins, 833 S.W.2d at 624 (court determines credibility of witnesses). The court
was entitled to resolve conflicts in the evidence. See Benoit, 239 S.W.2d at 797. Thomas did not,
by clear and convincing evidence, overcome the presumption that the property acquired during
marriage in both parties' names belonged to the community. See Ganeshan, 96 S.W.3d at 354. The
court could consider that both parties contributed separate property to acquire land held in both their
names, on which they intended to build their home. Accordingly, the court did not err in its
characterization of the 42.91 acres as community property.

 In his second issue, Wilson contends that the property known as Lot 13 was his
separate property. (4) The same analysis applies to this property. Wilson owned an undivided interest
in Lot 13 with his former wife. After his marriage to Fleming, the property was conveyed to both
Wilson and Fleming. Again, the transaction involved the contribution by Wilson of an undivided
interest in property, along with Fleming's contribution of separate property cash, in order to purchase
for the community a particular tract of land. We hold that the court did not err in its characterization
of Lot 13 as community property.

 In his second issue, Wilson also contends that the trial court mischaracterized the
retirement account as Fleming's separate property. In fact, neither the court nor Fleming's proposed
property division characterized all of this account as separate property. Fleming's proposed property
division stated that this account had commingled funds from pre-marriage and post-marriage. 
Fleming's documentary and testimonial evidence showed, and the trial court found, that the account
started with 5856.05 units that were traced to her separate property, and that 8239.90 units were
added due to Fleming's employment during the marriage. The court found 5856.05 units to be
Fleming's separate property; the remainder of the retirement account was characterized as
community property. The total value of the account was $68,940.12. Fleming's separate property
portion of the account was 41.54% (5856.05/14095.95) and the community property portion of the
account was 58.46% (8239.90/14095.95). Wilson produced no evidence to controvert Fleming's
tracing and accounting for the amount of the fund's growth. The court did not err in its
characterization of this account as partially Fleming's separate property and partially community
property.

 Wilson further argues that Fleming violated her fiduciary duty to him. He contends
that she handled all the books and took advantage of him in these transactions. However, Wilson
testified that he knew the deeds were conveying the property to himself and Fleming. He also
testified that he had a power of attorney from Fleming with regard to the real property transactions. 
Wilson did not produce evidence to show fraud or breach of fiduciary duty on Fleming's part. Cf.
In re Moore, 890 S.W.2d 821, 832 (Tex. App.--Amarillo 1994, no writ) (unauthorized transfer by
one spouse of community property to third parties and to that spouse's separate property estate). We
overrule appellant's first issue and those parts of his second issue attacking characterization of the
property.


Just and Right Property Division


 In a divorce decree, the trial court shall order a division of the parties' estate in a
manner that the court "deems just and right." Tex. Fam. Code Ann. § 7.001 (West 1998). Although
the trial court does not have to divide the community property equally, its division must be equitable. 
Zieba v. Martin, 928 S.W.2d 782, 790 (Tex. App.--Houston [14th Dist.] 1996, no writ); Schuster
v. Schuster, 690 S.W.2d 644, 645 (Tex. App.--Austin 1985, no writ). The trial court's discretion
is not unlimited, and there must be some reasonable basis for an unequal division of the property. 
Zieba, 928 S.W.2d at 790. The trial court, in exercising its discretion, may consider many factors,
including the parties' earning capacities, education, business opportunities, physical condition,
financial condition, age, size of separate estates, nature of the property, and the benefits that the
spouse who did not cause the breakup of the marriage would have enjoyed had the marriage
continued. Murff v. Murff, 615 S.W.2d 696, 698-99 (Tex. 1981); Walston v. Walston, 971 S.W.2d
687, 691 (Tex. App.--Waco 1998, pet. denied).

 We review the trial court's division of property using an abuse of discretion standard. 
Murff, 615 S.W.2d at 700; Walston, 971 S.W.2d at 691. Legal and factual sufficiency are not
independent grounds of error but relevant factors in assessing whether the trial court abused its
discretion. Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex. App.--Austin 1997, no pet.). To constitute
an abuse of discretion, the property division must be manifestly unfair. See Mann v. Mann, 607
S.W.2d 243, 245 (Tex. 1980). 

 In his second issue, Wilson contends that the trial court abused its discretion by
ignoring the great weight and preponderance of the evidence as to what would constitute a just and
right property division. Wilson presents two "scenarios" that depend on manipulating the value of
the property to demonstrate that the trial court erred in its division of property. On the record at trial,
the court found that the parties stipulated to the value and character of the property and debts as set
out in Fleming's proposed property division, with the exception of the characterization of the ranch
property, Lot 13, and the retirement account. Accordingly, we cannot re-value the property on
appeal, nor consider newly proposed values to conclude that the trial court abused its discretion in
the property division.

 Appellee argues that the court failed to consider certain factors, such as an affair that 
Fleming had. The court, as the trier of fact, was entitled to credit the parties' testimony regarding
this issue as well as the evidence on the issue of abuse. (5) Wilson also argues that he had less income
and earning capacity than Fleming. However, the court took that into consideration by assigning
Fleming the major share of the community debts and awarding her the portion of the ranch property
with the larger encumbrance. The trial court could have considered Fleming's contributions of
separate property funds for the purchase of the real property and her testimony that she had been
servicing all community debt on all property, paying all other community expenses, and paying for
Wilson's alcohol rehabilitation programs during the marriage. With regard to the ranch property,
Wilson received the tract with a cottage that had been improved and used as a bed-and-breakfast,
having the smaller debt, while Fleming received the newer, larger house with the greater debt. Each
received one lot along the Llano River. Wilson received the larger share of certain personal property,
such as trucks and boats. The final property division of net assets resulted in Fleming receiving
54.14% of the net assets and Wilson receiving 45.86% of the net assets--not a gross disparity. 
Ultimately, Wilson has not demonstrated that the court's property division was manifestly unfair. 
See Mann, 607 S.W.2d at 245. Accordingly, he has not shown that the trial court abused its
discretion in the property division. We overrule appellant's second issue.

Conclusion


 Having overruled both of appellant's issues, we affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson


Affirmed


Filed: March 18, 2004
1. Deborah Fleming Wilson's name was restored to Deborah Fleming in the divorce decree.
2. The transaction is a little muddled. The parties refer to a "Tract B" and a "Tract C," which
appeared only to come into existence as a result of this transaction, but both comprised the
conveyance to Wilson and Fleming.
3. The parties do not define what constitutes a "unit."
4. The opinion will first discuss all characterization issues, then address the property division.
5. The judgment contains a permanent injunction prohibiting Wilson from causing or threatening
to cause bodily injury to Fleming, communicating with Fleming, or coming within five hundred feet
of her (except within the confines of his real property awarded in the divorce).