11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Leo B. Montgomery  

Appellant

Vs.                   No.
11-03-00348-CV -- Appeal from Harris County

CBI
Interiors    

Appellee

 

CBI Interiors (a general contractor) sued Leo B.
Montgomery individually and d/b/a Riverside Kitchen & Bath (a
subcontractor) for damages that allegedly occurred because Montgomery failed to
provide work in a good and workmanlike manner. 
After a nonjury trial, the trial court entered judgment awarding CBI
damages in the amount of $4,500, as well as prejudgment interest and attorney=s fees. 
Montgomery, proceeding pro se, challenges the judgment in this
appeal.  We affirm.

Montgomery presents 27 issues for review.  The issues address whether the trial court
considered, reviewed, or understood various evidentiary matters.  Montgomery argues that the evidence did not
establish that he breached a contract. 
In essence, Montgomery is complaining that the evidence was legally and
factually insufficient to support the trial court=s
finding that he breached a contract. 
Montgomery also argues that the trial court erred in applying an
incorrect measure of damages.








The appellate record does not contain a reporter=s record for the trial on the
merits.  The court reporter informed this
court in writing that no record was made of the trial on the merits.[1]  Because Montgomery failed to bring a reporter=s record, we must presume that the
evidence presented at trial was legally and factually sufficient to support the
trial court=s judgment.
See Bryant v. United Shortline Inc. Assurance Services, 972
S.W.2d 26, 31 (Tex.1998); Murray v. Devco, Ltd., 731 S.W.2d 555, 557
(Tex.1987); Ganesan v. Vallabhaneni, 96 S.W.3d 345, 352 (Tex.App. -
Austin 2002, pet=n den=d). 
Thus, Montgomery=s
factual and legal sufficiency claims must fail. 
Additionally, without a reporter=s
record, Montgomery cannot demonstrate that the trial court applied an incorrect
measure of damages.     

The trial court entered the judgment in this cause
on August 19, 2003.  In this appeal,
Montgomery relies upon documents that are contained in the first supplemental
clerk=s
record.  A review of the records in the
first supplemental clerk=s
record shows that they were filed on April 26, 2004, more than eight months
after the entry of judgment.  We cannot
consider documents that were not before the trial court during the trial of
this cause.  In the absence of a reporter=s record, Montgomery cannot demonstrate
that the documents in the first supplemental clerk=s
record were before the trial court for consideration.  Montgomery=s
issues are overruled.  

The judgment of the trial court is affirmed.             

 

TERRY McCALL

JUSTICE

 

August 18, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of: Wright, J., and McCall, J.











     [1]The record indicates that a court reporter was present
during part of the trial but had difficulty taking down the testimony because
the attorneys and witnesses were talking over each other.  The trial court stopped the proceedings and
asked whether either party would appeal. 
The parties announced in open court that neither party would appeal, and
they waived the making of a reporter=s
record.  Therefore, the court reporter
stopped taking down the testimony, and there is no reporter=s record in this appeal.