# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00664-CV

**Hong Yan Li, Appellant**

**v.**

**James P. Daylong, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
### NO. 12-2926-FC3, HONORABLE DOUG ARNOLD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Hong Yan Li[1] appeals from the trial court's final judgment dismissing her suit to modify her divorce decree with James P. Daylong and imposing sanctions against Li in the amount of $1,000. Li contends in four issues that: (1) the trial court "improperly denied" her Motion for Modifications to Suit Affecting Parent-Child Relationship; (2) the court "improperly sanctioned" her "for moving for modifications"; (3) the court "violated multiple sections of the Texas Family Code"; and (4) the court "failed to establish that material circumstances had changed warranting the requested modification."[2] We will affirm the trial court's judgment.

---

[1] Li represents herself in this appeal. Although we attempt to construe a pro se appellant's briefing liberally, *see* Tex. R. App. P. 38.9, we must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

[2] We construe this as arguing, in two issues, that the evidence is insufficient to support the trial court's dismissal and that the trial court abused its discretion in sanctioning Li.

## BACKGROUND

On January 29, 2014, Li filed a petition seeking to modify an earlier custody order naming Daylong sole managing conservator of Li's and Daylong's son, C.J.L.D.[3]  In the petition, Li pursued modifications under sections 156.101 and 156.102 of the Texas Family Code.  *See* Tex. Fam. Code §§ 156.101 (providing that court may modify custody order where modification is in best interest of child and child's circumstances have materially and substantially changed since rendition of order), .102 (allowing modification of exclusive right to determine primary residence of child within one year of order, where person filing suit attaches affidavit with supporting facts alleging that child's present environment may endanger child's physical health or significantly impair child's emotional development).

In a supporting affidavit, Li averred that Daylong had physically abused C.J.L.D., forced C.J.L.D. to sleep on the floor, and denied C.J.L.D. medical attention.  Daylong answered Li's petition with a general denial and in a subsequent hearing regarding the appointment of a guardian ad litem, at which Li reiterated her concerns about C.J.L.D.'s living situation, provided testimony contradicting each allegation made in the affidavit.  Following the guardian-ad-litem hearing, Daylong filed a motion to dismiss and for sanctions.

---

[3] To protect his identity, we will refer to the parties' minor child by his initials.

The trial court heard arguments from both parties on September 15, 2014,[4] and rendered judgment dismissing Li's modification suit and ordering Li to pay $1,000 in attorney's fees to Daylong's counsel. This appeal followed.

## DISCUSSION

In two issues, Li contends that there is insufficient evidence to support the trial court's dismissal and that the court abused its discretion in imposing sanctions on Li. Specifically, Li argues that she "cannot be punished, fined, or sanctioned" under section 261.106 of the Texas Family Code and is owed "damages" under section 261.108. *See id*. §§ 261.106 ("A person acting in good faith who reports . . . alleged child abuse or neglect . . . is immune from civil or criminal liability that might otherwise be imposed."), .108 ("A court shall award a defendant reasonable attorney's fees and other expenses related to the defense of a claim filed against the defendant for damages or other relief arising from reporting [child abuse or neglect].").

Li's claims fail based on the record, or lack thereof, before us. The trial court did not issue findings of fact and conclusions of law. As a result, we imply all relevant facts necessary to support the judgment that are supported by evidence. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). What is more, Li failed to cause a reporter's record of the dismissal and sanctions proceeding to be filed. We must therefore presume that the proceeding was properly conducted and that the trial court was presented with sufficient evidence to make all

---

[4] While the record before us includes a reporter's record of the guardian-ad-litem hearing, it does not include a reporter's record of the hearing on September 15, 2014. The court reporter has informed us that there is no record for a hearing on or about that date.

3

necessary findings. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) ("The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment."); *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("Where there is neither reporter's record nor findings of fact, we assume the trial court heard sufficient evidence to make all necessary findings in support of its judgment."); *Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 352 (Tex. App.—Austin 2002, pet. denied) ("Because Ganesan failed to file a complete reporter's record or agreed statement of the facts, his factual and legal sufficiency challenges must fail."); *see also Sanadco Inc. v. Hegar*, No. 03-14-00771-CV, 2015 WL 4072091, at *2 (Tex. App.—Austin July 3, 2015, no pet.) (mem. op.) ("Without a reporter's record, we have no way to determine what evidence, if any, was adduced at the hearing and, therefore, whether the trial court abused its discretion. We therefore assume the underlying proceeding was properly conducted and that sufficient evidence supported the trial court's decision.").

We assume, as we must, that the trial court was presented with sufficient evidence to support its dismissal of Li's modification suit on the court's stated rationale that the suit "was filed without a good faith basis in fact and was frivolous." Based on the limited record before us, we also assume, as we must, that the trial court did not abuse its discretion and that sufficient evidence supported the court's decision to impose sanctions on Li. Accordingly, we overrule Li's issues.

## CONCLUSION

Having overruled all of Li's issues, we affirm the judgment of the trial court.

4

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   January 13, 2016